IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-00291

| | |
|---|---|
| KATHY V. LUNA,<br><br>　　Plaintiff,<br><br>v.<br><br>GUILFORD COUNTY, NORTH CAROLINA,<br><br>　　Defendant. | **BRIEF IN SUPPORT<br>OF DEFENDANT'S MOTION<br>TO DISMISS FOR FAILURE<br>TO PROSECUTE** |

## NATURE OF THE MATTER BEFORE THE COURT

This is an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Plaintiff has failed to participate in discovery, has disobeyed Court orders, and has ceased communication with her attorney. Before the Court is Defendant's Motion to Dismiss for Failure to Prosecute.

## STATEMENT OF FACTS

Plaintiff, through her attorney, commenced this civil action in the General Court of Justice, Superior Court Division, of Guilford County, North Carolina, on or about March 1, 2017. (Docket Entry 1-1.) Defendant filed a Notice of Removal to this Court on March 31, 2017. (Docket Entry 1.)

On June 8, 2017, the parties jointly agreed to a discovery plan pursuant to FRCP 26(f). (Docket Entry 11.) The Joint 26(f) Plan was approved without modification by Magistrate Judge Webster on June 13, 2017. (Docket Entry 12.)

Due to several delays in the production of Plaintiff's discovery responses, and the anemic responses ultimately produced by the Plaintiff, a Local Rule 37.1 discovery conference was initiated by Defendant and held at the office of counsel for Defendant on November 2, 2017.  (Docket Entry 18.)   During the Rule 37.1 Conference, the date of December 14, 2017, was tentatively set for the deposition of Plaintiff. (Docket Entry 18.)

However, prior to the scheduled deposition date of Plaintiff, Norman B. Smith, attorney for Plaintiff, filed a Motion to Withdraw from Further Representation.  (Docket Entry 15.)   Mr. Smith filed this Motion on November 17, 2017, citing "inadequacy of communications between him and plaintiff."  (Docket Entry 15.)  The Court heard Mr. Smith's opposed Motion to Withdraw on December 20, 2017, and also on January 3, 2018.  (Docket Entry 20 at 1.)  Ms. Luna was not present at either hearing, despite the Court's instruction that she must appear.  (Docket Entry 20 at 1-2.)

Counsel for Plaintiff has represented to the Court that he has utilized multiple methods to contact Plaintiff, including telephone calls, letters, emails, and in person visits, none of which have been successful.  (Docket Entry 20 at 2.)  The Court ordered Ms. Luna's attendance at her deposition on January 15, 2018.  (Docket Entry 20 at 3.)  However, Ms. Luna did not attend her deposition.  (Docket Entry 21 at 4.) Further, Ms. Luna has not provided the additional discovery which the Court ordered.  (Docket Entry 21 at 3.)

# QUESTION PRESENTED

Whether the case should be dismissed due to Plaintiff's noncompliance with Court orders and failure to participate in the discovery process.

# ARGUMENT

The Court should dismiss the action due to Plaintiff's noncompliance with Court Orders and her failure to participate in the discovery process. Ms. Luna has effectively abandoned her action against Guilford County by consistently refusing to take required actions to move the action forward.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action under Rule 41(b), courts consider four factors: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of sanctions less drastic than dismissal." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989) (Plaintiff failed to respond to specific directive of U.S. Magistrate).

**A. Ms. Luna is personally responsible for her failure to prosecute this action.**

Ms. Luna is personally responsible for failing to diligently prosecute her action by failing to maintain contact with Mr. Smith or the Court, by failing to comply with orders of the Court that she appear for hearings on Mr. Smith's Motion to Withdraw, and by failing to attend her Court-ordered deposition. A party who is informed of her personal

3

responsibilities in moving a case forward, and yet fails to fulfill those responsibilities, will be held personally responsible for a failure to prosecute an action. *Scales v. Webb*, 1:15CV192, 2017 U.S. Dist. LEXIS 85656 at *11–12 (M.D.N.C. June 5, 2017).

Mr. Smith has represented to the Court that he attempted to contact Ms. Luna by telephone, email, certified mail, and by personally visiting her home regarding the case and her related obligations. It was Ms. Luna's complete failure to respond to these attempts that prompted Mr. Smith to file his Motion to Withdraw. Therefore, Ms. Luna's failure to prosecute or comply with Orders of the Court are entirely her own fault. Further, Mr. Smith stated that, even when Ms. Luna maintained some amount of contact with him, she was uncooperative in providing Mr. Smith with the material and information required to adequately respond to Guilford County's Interrogatories and Requests for Production of Documents, resulting in deficiencies in Ms. Luna's discovery responses.

**B. Ms. Luna's failure to prosecute this action has resulted in prejudice to Guilford County.**

Ms. Luna's refusal to participate in discovery has caused significant prejudice to Guilford County. Her failure to cooperate with Mr. Smith in responding to requests for production of documents and interrogatories served by Guilford County has severely limited Guilford County's ability to adequately defend against this action. A flat refusal to present discovery responses that negatively impacts an opposing party's ability to defend against a claim supports a finding of prejudice. *Taylor v. Oak Forest Health &*

4

*Rehab., LLC et al.,* 302 F.R.D. 390, 394 (M.D.N.C. Sept. 9, 2014), *aff'd Taylor v. Oak Forest Health & Rehab., LLC, et al.*, No. 14-1992, 2015 U.S. App. LEXIS 1125 (4th Cir. Jan. 26, 2015)(per curiam).

Defendant asked that Ms. Luna supplement her interrogatory responses with names of County supervisors who she alleges acted towards her in a discriminatory manner so that Defendant could determine which claims were timely, yet Ms. Luna failed to even complete this simple task. Without this information, Defendant is severely prejudiced by the inability to even determine in which year the alleged incidents may have occurred, if they occurred at all, which is denied. Her complete absence from her scheduled deposition has further frustrated and stonewalled Defendant's attempts to gather virtually any information from Ms. Luna regarding her claim as the scheduled end of the discovery period on March 1, 2018, now approaches.

### C. Ms. Luna has demonstrated a history of dilatory conduct.

Ms. Luna has proven a history since June, 2017, of proceeding in a dilatory fashion by frustrating Guilford County's attempts to proceed with discovery. Such continued failures to participate in discovery amount to a deliberate attempt to stall proceedings. *Scales*, 2017 U.S. Dist. LEXIS 85656, at *13. With the exception of her responses to Defendant's Request for Admissions, all of the discovery responses that Ms. Luna has provided have been untimely. Supplemented responses to Defendant's Requests for Production of Documents and Interrogatories, to date, have not been

provided. Most recently, Ms. Luna, in violation of an Order of the Court, failed to appear for her deposition to answer questions about her case.

### D. Sanctions less drastic than dismissal will prove inadequate.

There exist no sanctions less drastic than dismissal that would be appropriate under the circumstances of this case. Ms. Luna has been warned through notice of the Court and her attorney that her failure to appear at hearings and for her Court-ordered deposition could result in dismissal of her action. Despite these warnings, Ms. Luna has been unreachable and unresponsive to both her attorney and to the Court. She failed to appear for her scheduled deposition, in violation of the Court's order, which warned that, if she failed to comply, the Court would consider a motion to dismiss for failure to prosecute. "Individual parties cannot be allowed to ignore court orders without suffering consequences if the judicial system is to continue functioning." *Taylor*, 302 F.R.D. 390 at 395 (quoting *Green v. John Chatillon & Sons*, 188 F.R.D. 422, 425 (M.D.N.C. 1998), *aff'd,* 165 F.3d 18 (4th Cir. 1998).

Where a plaintiff fails to comply with an order of the Court after receiving explicit warning that such failure will result in dismissal of the action, the Court has "little alternative to dismissal" because "[a]ny other course would have the effect of placing the credibility of the Court in doubt and inviting abuse." *Ballard*, 882 F.2d at 95. The Court provided Ms. Luna with multiple opportunities to move this case forward by resuming communication with Mr. Smith, appearing before the Court, and participating in discovery, but she has remained entirely absent and uncommunicative. Plaintiff's

6

failure to prosecute the action warrants dismissal to protect the litigation process and promote respect for court orders.

## CONCLUSION

For all of the foregoing reasons, Defendant Guilford County, North Carolina, respectfully requests that the Court dismiss this action with prejudice and that the dismissal operate as an adjudication on the merits in favor of the Defendant.

Respectfully submitted, this the 26th day of January, 2018.

/s/ Fred T. Hamlet
Fred T. Hamlet, Esq.
*Counsel for Defendant*
NC State Bar No. 7772
The Dixie Building-Suite 500
125 South Elm Street
Greensboro, N.C. 27401
Telephone: (336) 378-9751
Fax: (336) 378-9968
hamletatty@earthlink.net

/s/ L. Nicole Patino
Linda Nicole Patino, Esq.
*Counsel for Defendant*
NC State Bar No. 49453
The Dixie Building, Suite 500
125 South Elm Street
Greensboro, N.C., 27401
Phone: (336) 378-9751
Fax: (336) 378-9968
hamletatty@gmail.com

## CERTIFICATE OF COMPLIANCE

I hereby certify under Local Civil Rule 7.3(d) that this Response is less than 6,250 words (excluding the caption, signature lines, certificate of service, and any cover page or index) as reported by the word-processing software.

This the 26th day of January, 2018.

/s/ L. Nicole Patino
Linda Nicole Patino, Esq.
*Counsel for Defendant*
NC State Bar No. 49453
The Dixie Building, Suite 500
125 South Elm Street
Greensboro, N.C., 27401
Phone: (336) 378-9751
Fax: (336) 378-9968
hamletatty@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE** was electronically filed with the Clerk of the Court using the CM/ECF system; and I hereby certify that I have mailed a copy of the document to the following person(s), by placing a copy of the same in the United States Mail, properly addressed and with the correct amount of postage affixed thereto:

>Norman B. Smith, Esq.
>Smith, James, Rowlett, & Cohen, L.L.P.
>101 South Elm Street, Suite 310
>Greensboro, North Carolina 27401
>Telephone: (336)274-2992
>Facsimile: (336)274-8490
>normanbsmith@earthlink.net
>*Counsel for Plaintiff*

This the 26th day of January, 2018.

>/s/ Fred T. Hamlet
>Fred T. Hamlet, Esq.
>*Counsel for Defendant*
>NC State Bar No. 7772
>The Dixie Building-Suite 500
>125 South Elm Street
>Greensboro, N.C. 27401
>Telephone: (336) 378-9751
>Fax: (336) 378-9968
>hamletatty@earthlink.net