```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

KATHY V. LUNA,                )
                              )
        Plaintiff,            )
                              )
    v.                        )      1:17cv291
                              )
GUILFORD COUNTY, NORTH        )
CAROLINA,                     )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Kathy V. Luna brings this employment discrimination action against her former employer, Defendant Guilford County, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Doc. 4.) Before the court is Defendant's motion to dismiss for failure to prosecute. (Doc. 22.) Plaintiff has not filed a response. For the reasons set forth below, the motion will be granted and the case will be dismissed.

Plaintiff filed this civil action in the General Court of Justice, Superior Court Division, of Guilford County, North Carolina on March 1, 2017. (Doc. 4.) Defendant timely removed the action to this court. (Doc. 1.) On June 9, 2017, the parties jointly agreed to a discovery plan pursuant to Federal Rule of Civil Procedure 26(f) (Doc. 11), which was approved by the Magistrate Judge without modification (Doc. 12). As a result of

delays and deficiencies in the production of Plaintiff's discovery responses, Defendant initiated a discovery conference on November 2, 2017, pursuant to Local Rule 37.1. (Doc. 18-1.) During this conference, the parties tentatively agreed to schedule Plaintiff's deposition on December 14, 2017. (Id.)

On November 17, 2017, however, Plaintiff's counsel, Norman B. Smith, moved to withdraw from further representation, citing "inadequacy of communications between him and plaintiff." (Doc. 15 at 1.) Defendant opposed the motion. (Doc. 17.) The Magistrate Judge held hearings on Smith's motion to withdraw on December 20, 2017, and January 3, 2018. Plaintiff failed to appear at either hearing, despite the court's instruction that she do so. (See Docs. 16, 19.) Smith represented to the court that he had been unable to contact Plaintiff, despite having attempted to do so by email, telephone calls, certified mail, and visiting her home. (Doc. 20 at 2.) The court denied Smith's motion and ordered Plaintiff to provide additional discovery responses and appear at her deposition on January 15, 2018. (Id. at 3.) The court instructed Plaintiff that failure to comply with the court's order would result in consideration of a motion to dismiss for failure to prosecute. (Id.)

Notwithstanding the court's directives, Plaintiff failed to attend her deposition or respond to Defendant's discovery requests. (Doc. 21 at 3-4.) Moreover, the court-appointed

2

mediator reported that Plaintiff failed to attend the court-ordered mediation conference held on January 25, 2018. (Doc. 24 at 2.)

On January 26, 2018, Defendant moved for dismissal with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 22.) The court issued a notice to Plaintiff, informing her of her failure to respond to the motion and warning her that the motion would be referred to the court as unopposed for consideration without a hearing. (Doc. 25.) To date, Plaintiff has failed to respond. Even though the motion is unopposed and may ordinarily be granted on that basis, see Local Rule 7.3(k), the court nevertheless must review a motion to dismiss on its merits, Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005).

This court has the inherent authority to sanction a party with dismissal of an action. Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962); Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 373 (4th Cir. 2013). Federal Rule of Civil Procedure 41(b) authorizes dismissal for failure to prosecute or to follow a court order. Here, Defendant argues that Plaintiff has failed to prosecute her claim and has not complied with this court's orders. (Doc. 23 at 3.) Dismissal is a harsh sanction, and the need to prevent delays must be weighed against the "sound public policy of deciding cases on the merits." Dove v. CODESCO, 569

F.2d 807, 810 (4th Cir. 1978) (quoting Riezakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)).

Under Rule 41(b), four factors affect the court's dismissal determination: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991) (citation and internal quotation marks omitted). These factors do not comprise a rigid four-pronged test; rather, the "propriety of a dismissal . . . depends on the particular circumstances of the case." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). When appropriate, a plaintiff should be "warned of the consequences" of failing to prosecute and be "given the opportunity to respond." United States ex rel. Curnin v. Bald Head Island Ltd., 381 F. App'x 286, 288 n.* (4th Cir. 2010) (per curiam);[1] see Ballard, 882 F.2d at 95-96 (holding that district court did not abuse its discretion in dismissing action where plaintiff failed to comply with court's order despite explicit warning from a magistrate judge).

Here, all four factors weigh in favor of dismissal. Plaintiff bears personal responsibility for her noncompliance by failing to

---

[1] Unpublished opinions of the Fourth Circuit are not precedential and are cited as persuasive but not controlling authority.

4

communicate with her counsel, comply with court orders to appear for hearings on her attorney's motion to withdraw, or attend her court-ordered deposition. Defendant has been prejudiced by Plaintiff's failure to cooperate with her attorney to respond to Defendant's discovery requests or appear at her deposition. Plaintiff has also demonstrated a history of proceeding in a dilatory fashion since June of 2017, repeatedly failing to respond to discovery requests in a timely manner or in some cases not responding at all. Finally, a less drastic sanction would be ineffective in this case, where Plaintiff has been warned by the court and her attorney that failure to appear at the hearings and her court-ordered deposition could result in the dismissal of her action. (See Doc. 20 at 3.)

Defendants move for dismissal with prejudice. Given that an involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits," dismissal with prejudice is appropriate in this instance. Fed. R. Civ. P. 41(b); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § § 2373 (3d ed. 2018) ("[B]ecause an involuntary dismissal is an adjudication on the merits, it is, in the phrase commonly used by the federal courts, 'with prejudice.'"); see Scales v. Webb, No. 1:15CV192, 2017 WL 2424550, at *7 (M.D.N.C. June 5, 2017) (granting motion to dismiss with prejudice pursuant to Rule 41(b)).

For these reasons, therefore,

IT IS ORDERED that the Defendant's motion to dismiss for failure to prosecute (Doc. 22) is GRANTED and that this action is DISMISSED WITH PREJUDICE.

                                                /s/   Thomas D. Schroeder
                                                United States District Judge

May 11, 2018